## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-CV-22423-RAR

**PERSIVIA, INC.,**

     Plaintiff,

v.

**SANITAS USA, INC.,**

     Defendant.

_____/

### <u>ORDER DENYING DEFENDANT'S MOTION TO STRIKE</u>

**THIS CAUSE** comes before the Court on Defendant's Motion to Strike Plaintiff's Claim for Attorneys' Fees ("Motion"), [ECF No. 35].  The Court having considered the Motion, Plaintiff's Response, [ECF No. 38], Defendant's Reply, [ECF No. 39], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as explained herein.

Plaintiff Persivia, Inc. filed its Complaint on May 28, 2025, asserting three counts against Defendant for Breach of Contract (Count I); Quantum Meruit (Count II); and Unjust Enrichment (Count III).  [ECF No. 1].  Plaintiff's Complaint included a claim for attorneys' fees.  *Id*. ¶ 42 ("Persivia also seeks to recover its attorneys' fees, expenses, and costs defined as a "loss" pursuant to the [Master Services Agreement] and/or under equitable or other means.").

On August 4, 2025, Defendant Sanitas USA, Inc. filed a Motion to Dismiss Counts II and III of Plaintiff's Complaint ("MTD") pursuant to Fed. R. Civ. P. 12(b)(6).  [ECF No. 20].  Defendant's MTD made no mention of Plaintiff's claim for attorneys' fees.  Plaintiff then filed its First Amended Complaint ("FAC") on August 25, 2025.  [ECF No. 28].  The FAC asserts the same

three counts, and includes the same claim for attorneys' fees, as the original Complaint. *See id.* ¶ 45. The Court subsequently denied as moot Defendant's MTD. [ECF No. 29]. Then, on September 8, 2025, Defendant filed the instant Motion to Strike Plaintiff's claim for attorneys' fees from the FAC "because there is no legal basis for Plaintiff to recover such fees" from Defendant under Florida and Delaware[1] law. Mot. at 1.

Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The granting of a motion to strike is a "drastic remedy" that is disfavored. *Ledesma v. Ross Dress for Less, Inc.*, No. 20-20405, 2020 WL 13388299, at *2 (S.D. Fla. Sept. 14, 2020) (citing *Regions Bank v. TBG & CC Recreation, LLC*, No. 10-80366, 2010 WL 3292909, at *1 (S.D. Fla. Aug. 10, 2010)). A motion to strike should be granted "only when required for the purposes of justice," and "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Defendant argues that Plaintiff's claim for attorneys' fees should be stricken because there is no statutory or contractual basis authorizing their recovery by the prevailing party. Mot. at 1–2. In its Response, Plaintiff argues that (1) Defendant's Motion is procedurally barred by Rule 12(g) as a successive motion because Defendant did not raise this objection in its prior MTD, even though it was available, and (2) the Motion does not meet the applicable standard for striking under Rule 12(f). Resp. at 1–2.

---

[1] Defendant notes that Delaware law "governs the Master Services Agreement underlying Plaintiff's claims." Mot. at 1.

The Court does not find that Plaintiff's claim for attorneys' fees warrants the drastic remedy of striking. Plaintiff correctly notes that, pursuant to Rule 12(g), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g). Rule 12(g)'s prohibition on successive motions applies even when an intervening amended complaint is filed between the Rule 12 motions. *Banuchi on behalf of Est. of Edward Blanton Foster III & the survivors of the Est., E.F., J.F., A.D.F., N.F., M.F., & A.B.F. v. City of Homestead*, No. 20-25133, 2021 WL 4459648, at *3 (S.D. Fla. Sept. 29, 2021), *aff'd sub nom. Banuchi v. City of Homestead*, No. 22-12375, 2024 WL 2014424 (11th Cir. May 7, 2024).

Here, Defendant previously filed an MTD, [ECF No. 20], pursuant to Rule 12(b)(6). Thus, Defendant's Rule 12(f) Motion is a successive motion, which is barred under Rule 12(g). *See Ardagh Metal Packaging USA Corp. v. Vital Pharms., Inc.*, No. 22-60835, 2022 WL 3681922, at *1 (S.D. Fla. July 25, 2022) (denying motion to strike because the defendant previously filed a motion to dismiss and thus "cannot make another motion under [Rule 12].").  Defendant's objection to Plaintiff's claim for attorneys' fees could have been brought when Defendant filed its MTD, as the original Complaint included the same claim for attorneys' fees as the FAC. *See Banuchi,* 2021 WL 4459648, at *4. However, this does not doom Defendant's Motion. As Defendant points out, the Court may also strike any redundant, immaterial, impertinent, or scandalous matter from the pleadings *on its own*. FED. R. CIV. P. 12(f)(1) (emphasis added); *see also Leon v. Advanced Lending Sols. Co., LLC*, No. 24-21578, 2024 WL 4215670, at *4 (S.D. Fla. Aug. 5, 2024) (considering defendant's untimely motion to strike pursuant to "[t]he Court's power to act upon its own initiative in striking matters from the pleadings"). But although the Court

*could* strike Plaintiff's claim for attorneys' fees on its own, it declines to do so because the Motion lacks merit.

Plaintiff's claim for attorneys' fees is not a redundant, immaterial, impertinent, or scandalous matter that Rule 12(f) demands be stricken. The sole argument Defendant raises in its Motion is that Plaintiff cannot recover attorneys' fees under any legal theory, as there is no statutory or contractual basis authorizing the recovery of attorneys' fees here. *See* Mot. at 1–2. But Plaintiff *does* point to a contractual basis in its claim for attorneys' fees—the "loss" provision of the MSA. FAC ¶ 45 ("Persivia also seeks to recover its attorneys' fees, expenses, and costs defined as a "loss" pursuant to the MSA[.]").

In its Reply, Defendant cites to three cases where courts struck plaintiffs' claims for attorneys' fees for lacking any statutory or contractual basis. *See* Reply at 2. But these cases are distinguishable because they either arose under statutes that do not permit the recovery of attorneys' fees or because the plaintiff conceded that its claim for attorneys' fees had no basis. *See Saravia v. Hunter*, No. 23-60469, 2023 WL 5105343, at *2 (S.D. Fla. July 13, 2023), *report and recommendation adopted*, No. 23-60469, 2023 WL 5096709 (S.D. Fla. Aug. 9, 2023) (striking claim because "Plaintiff has not pled any facts which suggest the existence of a contract between herself and Defendant. Nor is there any language in either 18 U.S.C. § 1030 or Fla. Stat. § 540.08 which permits the recovery of attorney's fees."); *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1364 (S.D. Fla. 2012) (striking claim because it arose under Florida's fraudulent transfer statute, which does not authorize the recovery of attorneys' fees, and the plaintiff conceded attorneys' fees may be unrewardable in its response); *Ninghai Genius Child Prod. Co. v. Kool Pak, Inc.*, No. 11-61205, 2012 WL 1203821, at *3 (S.D. Fla. Apr. 11, 2012) (striking claim for attorney's fees in breach of contract action because plaintiff

"concede[d] the failure to set forth a legal basis for attorney's fees, and [sought] leave to amend its Complaint to cure the deficiency.").

Because this case involves contract claims, cases involving the statutory award of attorney's fees are inapposite.  And although Defendant's Reply asserts that "Persivia effectively concedes that its demand for attorneys' fees is not legally supportable," Plaintiff has made no such concession.  Reply at 2.  In fact, Plaintiff's Response highlights that "Persivia contends that it is entitled to fees under the MSA, and Sanitas contends that Persivia is not entitled fees under the MSA."  Resp. at 8.  Thus, the Court must interpret the MSA to determine whether there exists a contractual basis for awarding attorneys' fees.  *See Erin Taylor Editions v. Antar*, No. 17-21013, 2019 WL 2106192, at *9 (S.D. Fla. Mar. 29, 2019) ("The Court finds that Counter-Defendants' motion to strike the claims for attorney's fees is premature until the relevant contract, to the extent it exists, can be properly interpreted following further factual development.").  "While there may indeed be no legal basis for [Plaintiff] to claim attorney's fees," it would be premature to strike Plaintiff's claim before the Court determines whether attorneys' fees constitute "losses" under the MSA.  *Id.*  As such, Plaintiff's claim for attorneys' fees is grounded in a contractual basis and is not a redundant, immaterial, impertinent, or scandalous matter under Rule 12(f).

For the foregoing reasons, Defendant's Motion to Strike, [ECF No. 35], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of December, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**